# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

WINSTON WILLIAMS,

    Plaintiff,

v.

WILLIAM MUNIZ, et. al.,

    Defendants.

Case No. 17-cv-0098-TEH

ORDER OF DISMISSAL WITH LEAVE TO AMEND

Plaintiff, an inmate at Salinas Valley State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and Plaintiff has filed an amended complaint.

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir.

1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

II

Plaintiff states that he has received inadequate medical care.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. Id. at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. Id. at 1059-60.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." Id. If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. Gibson v. County of Washoe, 290 F.3d 1175, 1188 (9th Cir. 2002). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Plaintiff states that Defendants failed to provide adequate treatment for his serious medical needs. He seeks money damages and injunctive relief. Plaintiff states that he suffers from constant pain regarding his shoulder; however, he provides no more information. It is not clear the nature of his injury or medical problem, nor does he describe the treatment that is needed which has been denied. Plaintiff states he was denied medical care on February 14, 2016, but he fails to describe the care that was denied. In order to obtain injunctive relief, Plaintiff must provide more information concerning the relief he seeks. While he has set forth the basic elements of the claim he has failed to provide sufficient factual allegations to support the claim. Plaintiff's original complaint contained the same deficiencies, and he was informed that he needed to provide more

3

information in an amended complaint. Unfortunately, the amended complaint is substantially similar to the original complaint and Plaintiff has failed to provide additional information.

A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The United States Supreme Court has explained the "plausible on its face" standard of Twombly: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The amended complaint is dismissed with leave to amend to provide more information. Plaintiff should describe the medical problems with his shoulder and the specific actions of each Defendant that violated his constitutional rights. Plaintiff should describe what specific medical care was denied and how it violated his constitutional rights.

III

For the foregoing reasons, the Court hereby orders as follows:

1. Plaintiff's First Amended Complaint is DISMISSED WITH LEAVE TO FILE A Second AMENDED COMPLAINT, within twenty-eight days containing all related claims against all Defendants that Plaintiff wishes to proceed against in this action. The pleading must be simple, concise and direct and must state clearly and succinctly how each and every Defendant is alleged to have

4

violated Plaintiff's federally-protected rights. See Leer, 844 F.2d at 634. The pleading must include the caption and civil case number used in this order and the words COURT ORDERED Second AMENDED COMPLAINT on the first page. Plaintiff is advised that he must file all of his claims in one complaint and not present them piecemeal to the Court in various letters and other documents. Failure to file a proper Second Amended Complaint within twenty-eight days of this order will result in the dismissal of this case.

2. Plaintiff is advised that the First Amended Complaint will supersede the original Complaint and all other pleadings. Claims and defendants not included in the First Amended Complaint will not be considered by the Court. See Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.").

3. It is Plaintiff's responsibility to prosecute this action. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal

of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: 5/11/2017

_____
THELTON E. HENDERSON
United States District Judge

G:\PRO-SE\TEH\CR.17\Williams0098.dwlta2.docx