UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WINSTON WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>L. GAMBOA, et al.,<br><br>　　　　Defendants. | Case No. 17-cv-00098-JST (PR)<br><br>**THIRD ORDER OF SERVICE ON DEFENDANT PIN-CHIEH CHIANG, DO; GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME**<br><br>Re: ECF No. 50, 51 |

Plaintiff, an inmate at the California Substance Abuse Treatment Facility proceeding pro se, filed a complaint under 42 U.S.C. § 1983 regarding claims arising at Salinas Valley State Prison ("SVSP"), where he was previously incarcerated. On October 4, 2017, the Court screened plaintiff's second amended complaint ("SAC") and found that plaintiff stated a cognizable Eighth Amendment claim for deliberate indifference to serious medical needs as against doctors L. Gamboa, J. Chudy, P. Chiang, and K. Kumar. Defendants Gamboa, Chudy, and Kumar were successfully served and have filed a motion for summary judgment. Efforts to serve defendant Chiang at SVSP have been unsuccessful. On October 15, 2018, the SVSP Litigation Coordinator informed the Court that defendant Chiang is a contract doctor and provided a current address. *See* ECF No. 49. Accordingly, the Marshal will be directed to reissue service pursuant to the instructions below.

Also before the Court is plaintiff's motion for an extension of time to file an opposition to defendants Gamboa, Chudy, and Kumar's motion for summary judgment. Good cause appearing, the motion will be granted pursuant to the instructions below.

**CONCLUSION**

1. The Clerk shall re-issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the second amended complaint in this matter (ECF No. 20), a copy of the Court's October 4, 2017 service order (ECF No. 22), and a copy of this order upon **Pin-**

**Chieh Chiang, DO** at **Management Solutions, LLC, 200 Pine Ave., Suite 600, Long Beach, CA 90802**.

2. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than **91 days** from the date this order is filed, defendant Chiang must file and serve a motion for summary judgment or other dispositive motion. If defendant Chiang is of the opinion that this case cannot be resolved by summary judgment, defendant Chiang must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

    b. Plaintiff's motion for an extension of time is GRANTED. Plaintiff is instruction to file **a joint opposition** to defendants Gamboa, Chudy, and Kumar's motion for summary judgment and defendant Chiang's motion for summary judgment or other dispositive motion no later than **28 days** from the date defendant Chiang's motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

    c. Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

3. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact

---

[1] If defendant Chiang asserts that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant Chiang must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland,* 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

(The *Rand* notice above does not excuse defendant Chiang's obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

4. Pursuant to plaintiff's request (ECF No. 51), the Clerk shall send plaintiff copies of the original complaint (ECF No. 1), the first amended complaint (ECF No. 16), and the second amended complaint (ECF No. 20).

This order terminates ECF Nos. 50 and 51.

**IT IS SO ORDERED.**

Dated: October 17, 2018

_____
JON S. TIGAR
United States District Judge